# Altaba



**Government Exhibit C**

555 California Street
Suite 3325
San Francisco, CA 94104
Office: 415-801-4520
www.altaba.com

February 24, 2020

VIA U.S. MAIL AND EMAIL

Gloria Sullivan
Director, Western Compliance Practice Area
Internal Revenue Service
Attn: SE:LB:E
1301 Clay Street
Oakland, CA 94612-5217
Gloria.C.Sullivan@irs.gov

Michael James
Insolvency Advisor
1352 Marrows Road, Suite 204
Newark, DE 19711-5445

      RE:    <u>Dissolution of Altaba Inc.</u>

Dear Ms. Sullivan and Mr. James:

      Altaba received your letter, dated December 6, 2019, responding to Altaba's Dissolution Notice and submitting claims on behalf of the Internal Revenue Service ("IRS") for taxes in the aggregate amount of $12,736,879,763.26.

Altaba hereby accepts-in-part and rejects-in-part your claim. Without prejudice to Altaba's rights to defend any aspect of the IRS claim, and without admitting or acknowledging that any specific amount of tax is or will be owed by Altaba, for purposes of Altaba's ongoing liquidation and dissolution process under Delaware law, we intend to hold back an aggregate amount of $659,177,452 as security for the claims of the IRS.

      Altaba is required by the General Corporation Law of the State of Delaware (the "DGCL") to give you the following notice:  Pursuant to Section 280(a)(3) of the DGCL, you are hereby notified that your claims will be barred if an action, suit or proceeding with respect to such claims is not commenced within 120 days of the date of this letter. Enclosed please find a copy of Sections 278-283 of the DGCL for your reference.

      Notwithstanding the foregoing, as discussed in our prior meetings and conversations, Altaba is prepared to acknowledge that the IRS already has satisfied the requirement of commencing an action, suit or proceeding and, accordingly, Altaba will not seek to bar the claims of the IRS on this basis. We understand that the IRS is reviewing certain matters in connection with Altaba's tax filings and there remain differences in Altaba's position and the

position of the IRS with respect to the amount of funds which should be held back from distribution pending that review. We believe that it would be productive to continue our discussions to see if the parties can reach a mutually agreeable resolution as to the underlying matters under review or, in lieu thereof, as to an appropriate amount of funds which should be held back from distribution pending such resolution.

As noted during our prior meetings and conversations, this letter is a step in the legal process associated with the liquidation and dissolution of Altaba, and the timing of other subsequent steps depends on our sending you this letter. By sending this letter at this time, we do not intend to foreclose further discussion between Altaba and the IRS with respect to the claims submitted by the IRS, and we hope that we will be able to continue the constructive dialogue with the IRS that has been taking place thus far.

Please let me know if you have any questions. Thank you for your attention to this matter.

Sincerely,

Art Chong
General Counsel

Enclosures: DGCL §§ 278-283



**Legislative Council,
General Assembly
State of Delaware**

# Title 8

# Corporations

NOTICE: The Delaware Code appearing on this site is prepared by the Delaware Code Revisors and the editorial staff of LexisNexis in cooperation with the Division of Research of Legislative Council of the General Assembly with the assistance of the Government Information Center, and is considered an official version of the State of Delaware statutory code. This version includes all acts effective as of April 18, 2018, up to and including 81 Del. Laws, c. 229.

DISCLAIMER: With respect to the Delaware Code documents available from this site or server, neither the State of Delaware nor any of its employees, makes any warranty, express or implied, including the warranties of merchantability and fitness for a particular purpose, or assumes any legal liability or responsibility for the usefulness of any information, apparatus, product, or process disclosed, or represents that its use would not infringe privately-owned rights. Please seek legal counsel for help on interpretation of individual statutes.

(c) Dissolution of a corporation may also be authorized without action of the directors if all the stockholders entitled to vote thereon shall consent in writing and a certificate of dissolution shall be filed with the Secretary of State pursuant to subsection (d) of this section.

(d) If dissolution is authorized in accordance with this section, a certificate of dissolution shall be executed, acknowledged and filed, and shall become effective, in accordance with § 103 of this title. Such certificate of dissolution shall set forth:

(1) The name of the corporation;

(2) The date dissolution was authorized;

(3) That the dissolution has been authorized by the board of directors and stockholders of the corporation, in accordance with subsections (a) and (b) of this section, or that the dissolution has been authorized by all of the stockholders of the corporation entitled to vote on a dissolution, in accordance with subsection (c) of this section;

(4) The names and addresses of the directors and officers of the corporation; and

(5) The date of filing of the corporation's original certificate of incorporation with the Secretary of State.

(e) The resolution authorizing a proposed dissolution may provide that notwithstanding authorization or consent to the proposed dissolution by the stockholders, or the members of a nonstock corporation pursuant to § 276 of this title, the board of directors or governing body may abandon such proposed dissolution without further action by the stockholders or members.

(f) Upon a certificate of dissolution becoming effective in accordance with § 103 of this title, the corporation shall be dissolved.

(8 Del. C. 1953, § 275; 56 Del. Laws, c. 50; 57 Del. Laws, c. 148, §§ 31, 32; 59 Del. Laws, c. 106, § 14; 66 Del. Laws, c. 136, § 34; 77 Del. Laws, c. 14, § 14; 77 Del. Laws, c. 290, § 25.)

### § 276 Dissolution of nonstock corporation; procedure.

(a) Whenever it shall be desired to dissolve any nonstock corporation, the governing body shall perform all the acts necessary for dissolution which are required by § 275 of this title to be performed by the board of directors of a corporation having capital stock. If any members of a nonstock corporation are entitled to vote for the election of members of its governing body or are entitled to vote for dissolution under the certificate of incorporation or the bylaws of such corporation, such members shall perform all the acts necessary for dissolution which are contemplated by § 275 of this title to be performed by the stockholders of a corporation having capital stock, including dissolution without action of the members of the governing body if all the members of the corporation entitled to vote thereon shall consent in writing and a certificate of dissolution shall be filed with the Secretary of State pursuant to § 275(d) of this title. If there is no member entitled to vote thereon, the dissolution of the corporation shall be authorized at a meeting of the governing body, upon the adoption of a resolution to dissolve by the vote of a majority of members of its governing body then in office. In all other respects, the method and proceedings for the dissolution of a nonstock corporation shall conform as nearly as may be to the proceedings prescribed by § 275 of this title for the dissolution of corporations having capital stock.

(b) If a nonstock corporation has not commenced the business for which the corporation was organized, a majority of the governing body or, if none, a majority of the incorporators may surrender all of the corporation rights and franchises by filing in the office of the Secretary of State a certificate, executed and acknowledged by a majority of the incorporators or governing body, conforming as nearly as may be to the certificate prescribed by § 274 of this title.

(8 Del. C. 1953, § 276; 56 Del. Laws, c. 50; 66 Del. Laws, c. 136, § 35; 77 Del. Laws, c. 253, § 60.)

### § 277 Payment of franchise taxes before dissolution, merger, transfer or conversion.

No corporation shall be dissolved, merged, transferred (without continuing its existence as a corporation of this State) or converted under this chapter until:

(1) All franchise taxes due to or assessable by the State including all franchise taxes due or which would be due or assessable for the entire calendar month during which such dissolution, merger, transfer or conversion becomes effective have been paid by the corporation; and

(2) All annual franchise tax reports including a final annual franchise tax report for the year in which such dissolution, merger, transfer or conversion becomes effective have been filed by the corporation;

notwithstanding the foregoing, if the Secretary of State certifies that an instrument to effect a dissolution, merger, transfer or conversion has been filed in the Secretary of State's office, such corporation shall be dissolved, merged, transferred or converted at the effective time of such instrument.

(8 Del. C. 1953, § 277; 56 Del. Laws, c. 50; 70 Del. Laws, c. 79, § 17; 71 Del. Laws, c. 120, § 16; 78 Del. Laws, c. 96, §§ 8, 9.)

### § 278 Continuation of corporation after dissolution for purposes of suit and winding up affairs.

All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such expiration or dissolution or for such longer period as the Court of Chancery shall in its discretion direct, bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, to discharge their liabilities and to distribute to their stockholders any remaining assets, but not for the purpose of continuing the business for which the corporation was organized. With respect to any action, suit or proceeding begun by or against the corporation either prior to or within 3 years after the date of its expiration

or dissolution, the action shall not abate by reason of the dissolution of the corporation; the corporation shall, solely for the purpose of such action, suit or proceeding, be continued as a body corporate beyond the 3-year period and until any judgments, orders or decrees therein shall be fully executed, without the necessity for any special direction to that effect by the Court of Chancery.

Sections 279 through 282 of this title shall apply to any corporation that has expired by its own limitation, and when so applied, all references in those sections to a dissolved corporation or dissolution shall include a corporation that has expired by its own limitation and to such expiration, respectively.

(8 Del. C. 1953, § 278; 56 Del. Laws, c. 50; 66 Del. Laws, c. 136, § 36; 77 Del. Laws, c. 290, § 26.)

### § 279 Trustees or receivers for dissolved corporations; appointment; powers; duties.

When any corporation organized under this chapter shall be dissolved in any manner whatever, the Court of Chancery, on application of any creditor, stockholder or director of the corporation, or any other person who shows good cause therefor, at any time, may either appoint 1 or more of the directors of the corporation to be trustees, or appoint 1 or more persons to be receivers, of and for the corporation, to take charge of the corporation's property, and to collect the debts and property due and belonging to the corporation, with power to prosecute and defend, in the name of the corporation, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them, and to do all other acts which might be done by the corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation. The powers of the trustees or receivers may be continued as long as the Court of Chancery shall think necessary for the purposes aforesaid.

(8 Del. C. 1953, § 279; 56 Del. Laws, c. 50; 66 Del. Laws, c. 136, § 37.)

### § 280 Notice to claimants; filing of claims.

(a)(1) After a corporation has been dissolved in accordance with the procedures set forth in this chapter, the corporation or any successor entity may give notice of the dissolution, requiring all persons having a claim against the corporation other than a claim against the corporation in a pending action, suit or proceeding to which the corporation is a party to present their claims against the corporation in accordance with such notice. Such notice shall state:

    a. That all such claims must be presented in writing and must contain sufficient information reasonably to inform the corporation or successor entity of the identity of the claimant and the substance of the claim;

    b. The mailing address to which such a claim must be sent;

    c. The date by which such a claim must be received by the corporation or successor entity, which date shall be no earlier than 60 days from the date thereof; and

    d. That such claim will be barred if not received by the date referred to in paragraph (a)(1)c. of this section; and

    e. That the corporation or a successor entity may make distributions to other claimants and the corporation's stockholders or persons interested as having been such without further notice to the claimant; and

    f. The aggregate amount, on an annual basis, of all distributions made by the corporation to its stockholders for each of the 3 years prior to the date the corporation dissolved.

Such notice shall also be published at least once a week for 2 consecutive weeks in a newspaper of general circulation in the county in which the office of the corporation's last registered agent in this State is located and in the corporation's principal place of business and, in the case of a corporation having $10,000,000 or more in total assets at the time of its dissolution, at least once in all editions of a daily newspaper with a national circulation. On or before the date of the first publication of such notice, the corporation or successor entity shall mail a copy of such notice by certified or registered mail, return receipt requested, to each known claimant of the corporation including persons with claims asserted against the corporation in a pending action, suit or proceeding to which the corporation is a party.

(2) Any claim against the corporation required to be presented pursuant to this subsection is barred if a claimant who was given actual notice under this subsection does not present the claim to the dissolved corporation or successor entity by the date referred to in paragraph (a)(1)c. of this section.

(3) A corporation or successor entity may reject, in whole or in part, any claim made by a claimant pursuant to this subsection by mailing notice of such rejection by certified or registered mail, return receipt requested, to the claimant within 90 days after receipt of such claim and, in all events, at least 150 days before the expiration of the period described in § 278 of this title; provided however, that in the case of a claim filed pursuant to § 295 of this title against a corporation or successor entity for which a receiver or trustee has been appointed by the Court of Chancery the time period shall be as provided in § 296 of this title, and the 30-day appeal period provided for in § 296 of this title shall be applicable. A notice sent by a corporation or successor entity pursuant to this subsection shall state that any claim rejected therein will be barred if an action, suit or proceeding with respect to the claim is not commenced within 120 days of the date thereof, and shall be accompanied by a copy of §§ 278-283 of this title and, in the case of a notice sent by a court-appointed receiver or trustee and as to which a claim has been filed pursuant to § 295 of this title, copies of §§ 295 and 296 of this title.

(4) A claim against a corporation is barred if a claimant whose claim is rejected pursuant to paragraph (a)(3) of this section does not commence an action, suit or proceeding with respect to the claim no later than 120 days after the mailing of the rejection notice.

(b)(1) A corporation or successor entity electing to follow the procedures described in subsection (a) of this section shall also give notice of the dissolution of the corporation to persons with contractual claims contingent upon the occurrence or nonoccurrence of future

events or otherwise conditional or unmatured, and request that such persons present such claims in accordance with the terms of such notice. Provided however, that as used in this section and in § 281 of this title, the term "contractual claims" shall not include any implied warranty as to any product manufactured, sold, distributed or handled by the dissolved corporation. Such notice shall be in substantially the form, and sent and published in the same manner, as described in paragraph (a)(1) of this section.

(2) The corporation or successor entity shall offer any claimant on a contract whose claim is contingent, conditional or unmatured such security as the corporation or successor entity determines is sufficient to provide compensation to the claimant if the claim matures. The corporation or successor entity shall mail such offer to the claimant by certified or registered mail, return receipt requested, within 90 days of receipt of such claim and, in all events, at least 150 days before the expiration of the period described in § 278 of this title. If the claimant offered such security does not deliver in writing to the corporation or successor entity a notice rejecting the offer within 120 days after receipt of such offer for security, the claimant shall be deemed to have accepted such security as the sole source from which to satisfy the claim against the corporation.

(c)(1) A corporation or successor entity which has given notice in accordance with subsection (a) of this section shall petition the Court of Chancery to determine the amount and form of security that will be reasonably likely to be sufficient to provide compensation for any claim against the corporation which is the subject of a pending action, suit or proceeding to which the corporation is a party other than a claim barred pursuant to subsection (a) of this section.

(2) A corporation or successor entity which has given notice in accordance with subsections (a) and (b) of this section shall petition the Court of Chancery to determine the amount and form of security that will be sufficient to provide compensation to any claimant who has rejected the offer for security made pursuant to paragraph (b)(2) of this section.

(3) A corporation or successor entity which has given notice in accordance with subsection (a) of this section shall petition the Court of Chancery to determine the amount and form of security which will be reasonably likely to be sufficient to provide compensation for claims that have not been made known to the corporation or that have not arisen but that, based on facts known to the corporation or successor entity, are likely to arise or to become known to the corporation or successor entity within 5 years after the date of dissolution or such longer period of time as the Court of Chancery may determine not to exceed 10 years after the date of dissolution. The Court of Chancery may appoint a guardian ad litem in respect of any such proceeding brought under this subsection. The reasonable fees and expenses of such guardian, including all reasonable expert witness fees, shall be paid by the petitioner in such proceeding.

(d) The giving of any notice or making of any offer pursuant to this section shall not revive any claim then barred or constitute acknowledgment by the corporation or successor entity that any person to whom such notice is sent is a proper claimant and shall not operate as a waiver of any defense or counterclaim in respect of any claim asserted by any person to whom such notice is sent.

(e) As used in this section, the term "successor entity" shall include any trust, receivership or other legal entity governed by the laws of this State to which the remaining assets and liabilities of a dissolved corporation are transferred and which exists solely for the purposes of prosecuting and defending suits, by or against the dissolved corporation, enabling the dissolved corporation to settle and close the business of the dissolved corporation, to dispose of and convey the property of the dissolved corporation, to discharge the liabilities of the dissolved corporation and to distribute to the dissolved corporation's stockholders any remaining assets, but not for the purpose of continuing the business for which the dissolved corporation was organized.

(f) The time periods and notice requirements of this section shall, in the case of a corporation or successor entity for which a receiver or trustee has been appointed by the Court of Chancery, be subject to variation by, or in the manner provided in, the Rules of the Court of Chancery.

(g) In the case of a nonstock corporation, any notice referred to in the last sentence of paragraph (a)(3) of this section shall include a copy of § 114 of this title. In the case of a nonprofit nonstock corporation, provisions of this section regarding distributions to members shall not apply to the extent that those provisions conflict with any other applicable law or with that corporation's certificate of incorporation or bylaws.

(8 Del. C. 1953, § 280; 56 Del. Laws, c. 50; 66 Del. Laws, c. 136, § 38; 67 Del. Laws, c. 376, §§ 21-25; 69 Del. Laws, c. 266, §§ 1-17; 70 Del. Laws, c. 186, § 1; 77 Del. Laws, c. 253, § 61.)

## § 281 Payment and distribution to claimants and stockholders.

(a) A dissolved corporation or successor entity which has followed the procedures described in § 280 of this title:

(1) Shall pay the claims made and not rejected in accordance with § 280(a) of this title,

(2) Shall post the security offered and not rejected pursuant to § 280(b)(2) of this title,

(3) Shall post any security ordered by the Court of Chancery in any proceeding under § 280(c) of this title, and

(4) Shall pay or make provision for all other claims that are mature, known and uncontested or that have been finally determined to be owing by the corporation or such successor entity.

Such claims or obligations shall be paid in full and any such provision for payment shall be made in full if there are sufficient assets. If there are insufficient assets, such claims and obligations shall be paid or provided for according to their priority, and, among claims of equal priority, ratably to the extent of assets legally available therefor. Any remaining assets shall be distributed to the stockholders of the dissolved corporation; provided, however, that such distribution shall not be made before the expiration of 150 days from the date

of the last notice of rejections given pursuant to § 280(a)(3) of this title. In the absence of actual fraud, the judgment of the directors of the dissolved corporation or the governing persons of such successor entity as to the provision made for the payment of all obligations under paragraph (a)(4) of this section shall be conclusive.

(b) A dissolved corporation or successor entity which has not followed the procedures described in § 280 of this title shall, prior to the expiration of the period described in § 278 of this title, adopt a plan of distribution pursuant to which the dissolved corporation or successor entity (i) shall pay or make reasonable provision to pay all claims and obligations, including all contingent, conditional or unmatured contractual claims known to the corporation or such successor entity, (ii) shall make such provision as will be reasonably likely to be sufficient to provide compensation for any claim against the corporation which is the subject of a pending action, suit or proceeding to which the corporation is a party and (iii) shall make such provision as will be reasonably likely to be sufficient to provide compensation for claims that have not been made known to the corporation or that have not arisen but that, based on facts known to the corporation or successor entity, are likely to arise or to become known to the corporation or successor entity within 10 years after the date of dissolution. The plan of distribution shall provide that such claims shall be paid in full and any such provision for payment made shall be made in full if there are sufficient assets. If there are insufficient assets, such plan shall provide that such claims and obligations shall be paid or provided for according to their priority and, among claims of equal priority, ratably to the extent of assets legally available therefor. Any remaining assets shall be distributed to the stockholders of the dissolved corporation.

(c) Directors of a dissolved corporation or governing persons of a successor entity which has complied with subsection (a) or (b) of this section shall not be personally liable to the claimants of the dissolved corporation.

(d) As used in this section, the term "successor entity" has the meaning set forth in § 280(e) of this title.

(e) The term "priority," as used in this section, does not refer either to the order of payments set forth in paragraph (a)(1)-(4) of this section or to the relative times at which any claims mature or are reduced to judgment.

(f) In the case of a nonprofit nonstock corporation, provisions of this section regarding distributions to members shall not apply to the extent that those provisions conflict with any other applicable law or with that corporation's certificate of incorporation or bylaws.

(8 Del. C. 1953, § 281; 56 Del. Laws, c. 50; 66 Del. Laws, c. 136, § 39; 67 Del. Laws, c. 376, §§ 26-28; 68 Del. Laws, c. 163, § 1; 69 Del. Laws, c. 266, §§ 18-21; 70 Del. Laws, c. 299, § 4; 71 Del. Laws, c. 120, §§ 17, 18; 77 Del. Laws, c. 253, § 62.)

### § 282 Liability of stockholders of dissolved corporations.

(a) A stockholder of a dissolved corporation the assets of which were distributed pursuant to § 281(a) or (b) of this title shall not be liable for any claim against the corporation in an amount in excess of such stockholder's pro rata share of the claim or the amount so distributed to such stockholder, whichever is less.

(b) A stockholder of a dissolved corporation the assets of which were distributed pursuant to § 281(a) of this title shall not be liable for any claim against the corporation on which an action, suit or proceeding is not begun prior to the expiration of the period described in § 278 of this title.

(c) The aggregate liability of any stockholder of a dissolved corporation for claims against the dissolved corporation shall not exceed the amount distributed to such stockholder in dissolution.

(8 Del. C. 1953, § 282; 56 Del. Laws, c. 50; 66 Del. Laws, c. 136, § 40; 71 Del. Laws, c. 339, §§ 57, 58.)

### § 283 Jurisdiction.

The Court of Chancery shall have jurisdiction of any application prescribed in this subchapter and of all questions arising in the proceedings thereon, and may make such orders and decrees and issue injunctions therein as justice and equity shall require.

(66 Del. Laws, c. 136, § 41.)

### § 284 Revocation or forfeiture of charter; proceedings.

(a) The Court of Chancery shall have jurisdiction to revoke or forfeit the charter of any corporation for abuse, misuse or nonuse of its corporate powers, privileges or franchises. The Attorney General shall, upon the Attorney General's own motion or upon the relation of a proper party, proceed for this purpose by complaint in the county in which the registered office of the corporation is located.

(b) The Court of Chancery shall have power, by appointment of receivers or otherwise, to administer and wind up the affairs of any corporation whose charter shall be revoked or forfeited by any court under any section of this title or otherwise, and to make such orders and decrees with respect thereto as shall be just and equitable respecting its affairs and assets and the rights of its stockholders and creditors.

(c) No proceeding shall be instituted under this section for nonuse of any corporation's powers, privileges or franchises during the first 2 years after its incorporation.

(8 Del. C. 1953, § 283; 56 Del. Laws, c. 50; 66 Del. Laws, c. 136, § 41; 71 Del. Laws, c. 339, § 59.)

### § 285 Dissolution or forfeiture of charter by decree of court; filing.

Whenever any corporation is dissolved or its charter forfeited by decree or judgment of the Court of Chancery, the decree or judgment shall be forthwith filed by the Register in Chancery of the county in which the decree or judgment was entered, in the office of the